MARICOPA COUNTY, STATE OF ARIZONA, v. ROSEVEARE.

No. 7766.

Circuit Court of Appeals, Ninth Circuit.

Jan. 13, 1936.

992

Harry Johnson, Co. Atty., and W. C. Fields, E. G. Frazier, and Earl Anderson, Deputy Co. Attys., all of Phoenix, Ariz., (John L. Sullivan, Atty. Gen., and Dudley W. Windes, Asst. Atty. Gen., of counsel), for appellant.

J. Edward Johnson, of San Francisco, Cal., D. P. Skousen, of Phoenix, Ariz., and Johnson & Harmon, of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee brought this action to recover of appellant taxes alleged to have been illegally assessed against reclamation homesteads of appellee and her assignors and paid by them under protest. She filed an original complaint and two amended complaints. The amended complaints each contain twenty-one counts. The first count relates to taxes paid by appellee, the others to taxes paid by her assignors. The parties having waived a jury trial, the case was heard by the District Court, sitting without a jury, and judgment was rendered for appellee. This appeal is from that judgment.

The record before us consists of the pleadings and judgment. There is no bill of exceptions, no opinion, no findings of facts, no conclusions of law.

Reversal is sought on the ground that the twenty-one causes of action sued on by appellee were barred by limitation when this action was commenced. Appellee says this defense cannot be urged here, because, in the court below, appellant did not interpose this or any other defense to the second amended complaint. Appellee is mistaken. By its special demurrer and by its answer to the first amended complaint, appellant pleaded that each of the twenty-one causes of action was barred by limitation. Though not repeated, the same demurrer and answer are deemed to have been directed to the second amended complaint. Revised Code of Arizona 1928, § 3787; Leatherwood v. Hill, 10 Ariz. 243, 245, 89 P. 521.

Appellee contends that the statute of limitation does not run against these causes of action, because, she says, the taxes sought to be recovered constitute a trust fund. This trust fund theory was rejected, and, we think, properly rejected, by the Supreme Court of Arizona in Maricopa County v. Hodgin, 50 P.(2d) 15, 19, decided October 10, 1935.

Appellee alleges that the homesteads in question were exempted from taxes by the laws of the United States, and, since state statutes of limitation do not run against the United States, she argues that they do not run against her or her assignors, they being, she says, "beneficiaries" of the United States. This argument is unsupported by authority and is obviously unsound. The United States is not a party to this action and has no interest therein. State statutes of limitation are applicable to actions of this character, as to other actions brought by private litigants.

What is the applicable period of limitation? Section 3136 of the Revised Code of Arizona, 1928, gives a right of action for the recovery of taxes illegally collected, but no period of limitation is expressly provided for such actions. Section 2063 prescribes a general limitation of four years for the commencement of actions, other than for the recovery of real property, for which no limitation is otherwise prescribed. This four-year limitation is applicable to actions for the recovery of taxes illegally collected.

To determine whether or not this action was barred by limitation, it is necessary to know when it was commenced. The record, as brought here, does not disclose this, but appellant has moved for certiorari for diminution of the record in this respect. The motion is granted. Attached to the motion is a certified copy of the original complaint, with the clerk's indorsement thereon, showing that it was filed (the action being thereby commenced) on August 18, 1931.

The taxes sued for in the first twenty counts of the second amended complaint are alleged to have been paid prior to December 30, 1925, more than five years prior to the commencement of this action. We hold, therefore, that the causes of action stated in these counts were barred by limitation, and that, as to them, appellant's demurrer should have been sustained.

In the twenty-first count of her second amended complaint appellee seeks recovery of taxes amounting to $2,833.63 alleged to have been paid between January 1, 1916, and December 30, 1933. She alleges that these taxes were paid "from the years 1916 to 1933, inclusive," thus indicating that some of them were paid in each of those years, but she does not indicate what amount was paid in any year. As to amounts paid prior to August 18, 1927, the action was barred. Appellee had judgment for the full amount claimed, including items barred and items not barred by limitation. Since the amount of the barred items cannot be ascertained from the record, the case will have to be remanded for further proceedings on this count.

The judgment is reversed, and the case is remanded to the District Court, with directions to sustain the demurrer to the first twenty counts of the second amended complaint, and to proceed further on the twenty-first count, in a manner consistent with this opinion.

Reversed and remanded.